ARKANSAS OIL AND GAS, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Arkansas Oil & Gas v. Commissioner
Docket No. 6388-93
United States Tax Court
T.C. Memo 1994-497; 1994 Tax Ct. Memo LEXIS 505; 68 T.C.M. (CCH) 887; October 11, 1994, Filed *505 An order and order of dismissal and decision will be entered for respondent. For respondent: Nancy W. Hale. FAY
FAY
MEMORANDUM OPINION FAY, Judge: This case is before the Court on, inter alia, respondent's motion to dismiss for failure to properly prosecute, filed March 21, 1994, and her motions for sanctions, filed February 9, 1994, and March 21, 1994. On March 21, 1994, this case was called at the Court's trial calendar in Hot Springs, Arkansas. Petitioner did not appear. Respondent was heard, whereupon the Court took respondent's motions under consideration. By statutory notice, dated December 29, 1992, respondent determined deficiencies in and additions to petitioner's Federal income taxes in the following amounts: Additions to Tax
Sec.
Sec.
Sec.
Year
Deficiency
6653(b)(1)
6653(b)(2)
6661
1980
$ 489.84
--
--
--
1983
182,166.62
$ 91,083.34
[1]
$ 45,541.67
1984
110,624.96
55,312.50
[1]
27,656.24
1985
58,631.00
29,315.50
[1]
14,657.75
1986
(617.00)
--
--
--
All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are *506 to the Tax Court Rules of Practice and Procedure, unless otherwise indicated. The issues for decision are: (1) Whether respondent's motion to dismiss for failure to properly prosecute, with respect to those items for which petitioner bears the burden of proof, should be granted. We hold that it should. (2) Whether petitioner is liable for the additions to tax for fraud as determined by respondent. We hold that it is. [1]
(3) Whether petitioner is liable for an increased deficiency in tax and additions to tax as asserted in respondent's answer. We hold that it is. Background
Petitioner filed Federal income tax returns for all the years at issue. In response to respondent's notice of deficiency, petitioner, by and through its counsel, Stephen E. Adams, timely filed its petition on March 29, 1993. Petitioner had its principal place of business in Russellville, Arkansas, *507 at the time the petition was filed. Petitioner was represented by counsel throughout the course of these proceedings. Respondent's answer, filed June 4, 1993, asserts specific affirmative allegations of fact in support of the determination that petitioner is liable for the additions to tax for fraud for the years at issue and asserts specific affirmative allegations of fact in support of an increased deficiency in tax and additions to tax for petitioner's tax period ending October 31, 1984. Petitioner did not file a reply, and on August 30, 1993, respondent filed a motion for entry of order that undenied allegations in answer be deemed admitted, pursuant to Rule 37(c). The Court notified petitioner of the filing of respondent's motion and advised it that, if it did not file a reply to respondent's affirmative allegations of fact, respondent's motion would be granted. Petitioner did not file a reply in response to this notice, and on September 28, 1993, respondent's motion was granted, and the undenied specific affirmative allegations of fact in respondent's answer were deemed admitted. [2]
*508 On October 15, 1993, this case was set for a March 21, 1994, trial date in Hot Springs, Arkansas. This notice setting case for trial, in pertinent part, clearly states: YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU. * * * YOUR FAILURE TO COOPERATE MAY ALSO RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU.
On November 18, 1993, respondent served petitioner with respondent's request for admissions. Petitioner failed to respond to the request and to file the original of its response, with proof of service on respondent, with the Court. Therefore, on December 20, 1993, the first day not a Saturday, Sunday, or holiday which was at least 30 days after the request for admissions had been served on petitioner, respondent's requests for admissions were deemed admitted pursuant to Rule 90. On December 27, 1993, respondent's motion to compel production of documents was filed, such motion detailing petitioner's failure to respond to informal discovery requests. By order dated January 4, 1994, respondent's motion was granted, and petitioner was ordered to produce the desired records. This order also stated that *509 failure to comply with such order could result in sanctions including dismissal of the case and entry of decision against petitioner. On January 24, 1994, respondent's motion to compel answers to interrogatories was filed, such motion detailing petitioner's failure to respond to informal discovery requests. By order, dated January 28, 1994, respondent's motion was granted and petitioner was ordered to answer the desired interrogatories. This order also stated that failure to comply with such order could result in sanctions including dismissal of the case and entry of decision against petitioner. On February 9, 1994, respondent filed a motion for sanctions detailing petitioner's failure to produce requested documents, such failure constituting a violation of this Court's January 4, 1994, order. On February 25, 1994, petitioner was ordered to file a response or objection to respondent's motion by March 4, 1994. Petitioner did not respond to this order, and on March 9, 1994, respondent's motion for sanctions was granted in part, the Court holding in abeyance that part of respondent's motion which requested dismissal of petitioner's case. On March 7, 1994, respondent filed a motion *510 for summary judgment, accompanied by a memorandum of authorities and an affidavit in support of respondent's motion for summary judgment. Petitioner was ordered to respond or object to respondent's motion by March 16, 1994; however, petitioner did not comply with this order. Respondent thereafter on March 21, 1994, when this case was called for trial, filed a supplement to her motion for summary judgment. Petitioner, to date, has not responded to respondent's motion for summary judgment; therefore, pursuant to Rule 121(d), we may enter a decision against petitioner on this basis alone. As stated earlier, this case was called for trial on March 21, 1994, in Hot Springs, Arkansas. Petitioner did not appear at this time through counsel or otherwise, nor did petitioner submit a trial memorandum as prescribed by our Rules. Respondent then filed the following motions: (1) A supplement to motion for sanctions with respect to petitioner's failure to produce documents, wherein respondent requests that a default judgment be entered against petitioner pursuant to Rule 123(a); (2) a motion for sanctions with respect to petitioner's failure to answer interrogatories, wherein respondent again *511 requests that a default judgment be entered against petitioner pursuant to Rule 123(a); (3) a motion to dismiss for failure to properly prosecute pursuant to Rule 123, accompanied by respondent's memorandum of law in support of her motion to dismiss for failure to properly prosecute, wherein respondent details petitioner's complete and unexcusable failure to cooperate throughout the course of these proceedings; and, as stated above, (4) a supplement to motion for summary judgment. The Court, thereafter, took these motions under consideration. Discussion
Petitioner bears the burden of proof with respect to the deficiencies and additions to tax contained in the notice of deficiency, except for additions to tax with respect to fraud. Rule 142(a) and (b). Respondent bears the burden of proof with respect to fraud and the increased deficiency as asserted in her answer. Rule 142(a). In light of the record taken as a whole, the Court finds that petitioner has clearly indicated, as shown by its conduct and the overall record in this case, that it no longer wishes to contest any issue involved in this case. Moreover, we find that petitioner's failure to cooperate with respondent *512 during the pretrial period made it impossible for respondent to conduct negotiations, exchange information, and stipulate mutually agreeable facts as required by Rule 91(c). The standing pretrial order has not been complied with by petitioner, nor has petitioner complied with the mandates of the Court as set forth in . Furthermore, petitioner has defied every order of this Court and has failed to respond in any way to respondent's inquiries and the Court's orders. Therefore, we now grant respondent's motion to dismiss with respect to the deficiencies and additions to tax for which petitioner has the burden of proof, and thereby sustain respondent's determinations with respect to these issues. Rule 123(a) provides, in pertinent part, that a party may be held in default when he has failed to proceed as provided by our Rules or as required by this Court. Rule 123(a); Smith v. Commissioner, 91. T.C. 1049, 1056 (1988), affd. . The action or nonaction on the part of a taxpayer that constitutes sufficient grounds to apply Rule 123(a) in proceedings *513 before us is a matter within this Court's discretion. Smith v. Commissioner, supra at 1056. Petitioner's failure to proceed as provided by the Rules of this Court and its failure to cooperate with this Court and respondent constitute more than sufficient grounds for the entry of a default judgment against it. Additionally, both of respondent's motions for sanctions, in light of the entire record, will be granted. For the foregoing and other reasons reflected in the record, the Court, on its own initiative and pursuant to respondent's requests in her motions for sanctions, holds petitioner in default and will proceed to analyze respondent's request for an increased deficiency and her fraud determination accordingly. [3]
*514 Respondent, in her answer, asserts an increased deficiency and additions to tax for the tax year ending October 31, 1984. Respondent bears the burden of proof with respect to increases in deficiency, with corresponding additions to tax, pleaded in the answer. Rule 142(a). Because we hold as we do with respect to the fraud addition to tax, discussed infra, we also hold for respondent on the issue of the increased deficiency and its corresponding additions to tax. Section 6653(b) provides for an addition to tax for fraud. In order to sustain the determination as to the fraud addition to tax for a year, the Commissioner must prove, by clear and convincing evidence, that some part of the underpayment for that year is due to fraud with the intent to evade tax. Sec. 7454(a); Rule 142(b); , affg. ; ; ; . The *515 Commissioner must show that the taxpayer intended to evade taxes by conduct calculated to conceal, mislead, or otherwise prevent the collection of such taxes. ; . Fraud will never be presumed. . Fraud may, however, be proven by circumstantial evidence and reasonable inferences drawn from the facts, because presentation of direct proof of a taxpayer's intent is seldom possible. ; . A taxpayer's entire course of conduct is examined to establish the requisite fraudulent intent. . To meet the burden of proving fraud, the Commissioner must show that (1) there was an underpayment, and (2) the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection *516 of taxes. Sec. 7454(a); Rule 142(b); . The Commissioner cannot rely on the taxpayer's failure of proof to satisfy the Commissioner's burden of presenting proof of fraud. , affg. in part and revg. in part . We find, in light of the record, that there was an underpayment of tax for each of the tax years in issue. We now turn to the element of petitioner's intent. The Commissioner is entitled to satisfy the burden of proof by relying on facts deemed admitted, as a consequence of imposed sanctions, or by a clear indication on the part of the taxpayer that he no longer would contest the fraud issue. Smith v. Commissioner, supra at 1052-1053; see also ; All three of these factors exist in the instant case. Holding the taxpayer in default under Rule 123(a) has the effect of admitting all well-pleaded facts in the Commissioner's *517 answer. Smith v. Commissioner, supra at 1056-1058; see also ; . This is true even when a reply has been filed by a taxpayer which addresses the facts pleaded by the Commissioner in the answer. Smith v. Commissioner, 926 F.2d at 1478; ("the necessary effect of defaulting petitioner is to deem admitted the affirmative allegations in the answer irrespective of petitioner's denial [in the reply]. The sanction thus converts the denial into an admission."), affd. ; see ; ; . No reply, however, was ever filed in the instant case. Entry of a default decision for the fraud addition is appropriate upon a determination, which is within this *518 Court's discretion, that the pleadings set forth sufficient facts to support such a judgment. Smith v. Commissioner, 91 T.C. at 1058-1059. The Commissioner's pleadings must, however, allege specific facts sufficient to sustain a finding of fraud before the Commissioner will be entitled to a decision that includes an addition to tax for fraud upon the failure of a taxpayer to appear for trial. Id. at 1058. We must now decide whether (1) respondent's specific affirmative allegations of fact contained in the answer in the instant case, taken to be true by respondent's motion for entry of order that undenied allegations in answer be deemed admitted, granted September 28, 1993; (2) petitioner's default in this case; and, (3) the facts deemed admitted in this matter due to petitioner's failure to respond to respondent's request for admissions, taken together, are sufficient to establish the existence of fraud. See id. at 1059. The decision of the Court of Appeals for the Sixth Circuit in , affg. *519 , sets forth a nonexclusive list of the "'badges' of fraud" that demonstrate fraudulent intent. These badges include: (1) The failure to file tax returns, (2) the failure to report, and understatement of, income, (3) the taxpayer's failure to give the Government access to his records, (4) the taxpayer's failure to keep adequate books and records, (5) the taxpayer's experience and knowledge of tax laws, and (6) concealment of assets. Implausible or inconsistent explanations of behavior are additional indicia of fraud. , affg. . Additionally, the taxpayer's failure to appear for trial can be indicative of fraud. Smith v. Commissioner, 91 T.C. at 1059-1060. The taxpayer's entire course of conduct can be indicative of fraud. . False and misleading statements to the Commissioner's agents are also indicia of fraud. . *520 Because a corporation can act only through its officers and agents, the intentions of the corporate officers and shareholders can be imputed to the corporation. . Similarly, when a dominant shareholder's or officer's interests are not antagonistic toward the corporation, the shareholder's or officer's fraudulent intent can be imputed to the corporation. , affg. . Petitioner is deemed to have admitted all the affirmative allegations of fact in respondent's answer, as well as the admissions in respondent's request for admissions. Furthermore, we find that the affirmative allegations of fact contained in the answer and respondent's request for admissions now deemed admitted are factually sufficient to establish the existence of fraudulent conduct by petitioner. The badges of fraud we find significant are, inter alia, as follows: (1) Petitioner's representatives' and its sole shareholder, Dale S. Braden's, false and misleading statements to respondent *521 during the course of the examination of the tax years in question; (2) its failure to keep adequate books and records; (3) its maintenance of false books and records; (4) its consistent and substantial receipt of and failure to report income over a period of consecutive years; (5) its consistent and substantial underpayments of income tax over a period of consecutive years; (6) its claiming false deductions and disguised nondeductible expenditures as business expenses; (7) its knowledge of the requirement to file true and accurate tax returns; (8) its failure to comply with known reporting requirements; (9) its failure to cooperate in the determination of its tax liabilities; and (10) its failure to appear and contest the determinations against it. In light of the record taken as a whole and reasonable inferences therefrom, we now find that the facts in this case show, by clear and convincing evidence, that petitioner intended to evade taxes known to be owing for the tax years at issue by conduct intended to conceal, mislead, or otherwise prevent the collection of taxes. Our review of the entire record in this case, including the well-pleaded facts contained in respondent's answer, *522 satisfies us that respondent's determination of deficiencies and additions to tax in the statutory notice, the increased deficiency, with its respective additions to tax, asserted in the answer, and the additions to tax for fraud also asserted in the answer, should be and are sustained by both holding petitioner in default, pursuant to Rule 123(a), and dismissing its case. To reflect the foregoing, An order and order of dismissal and decision will be entered for respondent. Footnotes
1. Fifty percent of the interest on the deficiency.↩
1. A motion for summary judgment was filed by respondent; however, this will be denied as moot because of the decision rendered herein.↩
2. There are 13 pages of affirmative allegations of fact (12 pages supporting the fraud determination, and 1 page supporting the increased deficiency) in respondent's answer which are now deemed admitted, and 3 pages of requested admissions in her request for admissions which are also deemed admitted. In the interest of brevity, we will not reproduce these admissions here but rather incorporate them by this reference as though set forth in full herein.↩
3. Respondent, in her memorandum brief, alerts the Court to note 2 in , affg. , wherein the Court of Appeals stated that it was troubled by the entry of a default judgment on the fraud additions to tax based on facts deemed admitted as a result of sanctions imposed on the taxpayer, who was present at trial in that case. We find that Rechtzigel↩ is clearly distinguishable from the instant matter, and, while we understand the Court of Appeals' concern, we feel comfortable that the result we reach here is proper based on the record taken as a whole.